IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CAPITAL BUILDERS, INC. as the
General Partner of E&R PARTNERS, L.P.,
and JAMES M. ESPOSITO,

        Plaintiffs,

    v.

TOWNSHIP OF ROBINSON,
RICHARD URBANO, JOSEPH J.
SCHONBECK, and MICHAEL A. DUNN,

        Defendants.

**JURY TRIAL DEMANDED**

CIVIL DIVISION

G.D.  21-006006

**COMPLAINT**

Code:

Filed on behalf of:  Plaintiffs,
Capital Builders, Inc., as the General Partner
of E&R Partners, L.P., and James M. Esposito

Counsel of Record for these Parties:

Douglas C. Hart, Esquire
Pa. ID No. 91663

Taylor M. Davis, Esquire
Pa. ID No. 327312

BURNS WHITE LLC
Burns White Center
48 26th Street
Pittsburgh, PA  15222
(412) 995-3000





EXHIBIT

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

CAPITAL BUILDERS, INC. as the       CIVIL DIVISION
General Partner of E&R PARTNERS, L.P.,
and JAMES M. ESPOSITO,       G.D.  21-006006

        Plaintiffs,

   v.

TOWNSHIP OF ROBINSON,
RICHARD URBANO, JOSEPH J.
SCHONBECK, and MICHAEL A. DUNN,

        Defendants.

## **NOTICE TO DEFEND**

TO:    Township of Robinson, Richard Urbano, Joseph J. Schonbeck and Michael A. Dunn:

     You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

     IF YOU CANNOT AFFORD TO HIRE A LAWYER, THE OFFICES SET FORTH BELOW MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE:

Lawyer Referral Service
Allegheny County Bar Association
11th Floor, Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
Telephone: (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

CAPITAL BUILDERS, INC. as the        CIVIL DIVISION
General Partner of E&R PARTNERS, L.P.,
and JAMES M. ESPOSITO,           G.D.  21-006006

        Plaintiffs,

    v.

TOWNSHIP OF ROBINSON,
RICHARD URBANO, JOSEPH J.
SCHONBECK, and MICHAEL A. DUNN,

        Defendants.

## COMPLAINT - CIVIL ACTION

Plaintiffs, Capital Builders, Inc., as the General Partner of E&R Partners, L.P., and James

M. Esposito, by and through their undersigned counsel, Douglas C. Hart, Esquire and Burns

White LLC, file the within Complaint against Defendants, the Township of Robinson, Richard

Urbano, Joseph J. Schonbeck and Michael A. Dunn, averring as follows:

## PARTIES

1.      Plaintiff, Capital Builders, Inc. (hereinafter "Capital Builders"), is a Pennsylvania

corporation with its principal place of business located at 5852 Steubenville Pike, Robinson

Township, Allegheny County, Pennsylvania.

2.      Capital Builders is the General Partner of E&R Partners, L.P. (hereafter "E&R

Partners"), a limited partnership organized and existing under the laws of the Commonwealth of

Pennsylvania.

3.      At all relevant times material to the instant action, E&R Partners was the titled

owner of the real property known as Lot and Block No. 266-G-51 situated in the Township of

Robinson, Allegheny County, Pennsylvania, with a mailing address of 5852 Steubenville Pike,

McKees Rocks, Pennsylvania (hereafter referred to as the "E&R Property").

4.     Plaintiff, James M. Esposito (hereinafter "Esposito"), is an adult individual who resides at 82 Forest Grove Road, Robinson Township, Allegheny County, Pennsylvania.  At all relevant times material to the instant action, Esposito was the principal and President of both Capital Builders and E&R Partners and, as such, Esposito was responsible for the day-to-day operations and use of the E&R Property.

5.     Defendant, the Township of Robinson (hereinafter "Robinson Township" or the "Township"), is a municipality of the Commonwealth of Pennsylvania which has its principal office located at 1000 Church Hill Road, Robinson Township, Allegheny County, Pennsylvania.

6.     Defendant, Richard Urbano (hereinafter "Defendant Urbano" or "Urbano"), is an adult individual who, upon information and belief, currently resides at 604 Elliot Drive, Robinson Township, Allegheny County, Pennsylvania.

7.     Defendant, Joseph J. Schonbeck (hereafter "Defendant Schonbeck" or "Schonbeck"), is an adult individual who, upon information and belief, currently resides at 71 Forest Grove Road, Robinson Township, Allegheny County, Pennsylvania.

8.     Defendant, Michael A. Dunn (hereafter "Defendant Dunn" or "Dunn"), is an adult individual who, upon information and belief, currently resides at 5117 West Harbison Road, Robinson Township, Allegheny County, Pennsylvania.

9.     At all relevant times hereto, Urbano was an appointed official of Robinson Township, serving in the capacity as the Township's Planning Director, Zoning Officer and/or Administrator, and as the Chairman of the Township's Planning Board.

10.    At all relevant times hereto, Schonbeck was an appointed official of Robinson Township, serving in the capacity as the Township's Code Enforcement Officer.

11.    At all relevant times hereto, Dunn has operated a construction company on a sole proprietor basis, M.A. Dunn Construction Company, which specializes in commercial development and renovation; and Dunn is also the principal and/or managing member of Five D Development, LLC ("Five D Development"), a limited liability company formed and organized in the Commonwealth of Pennsylvania.

12.    Five D Development is the titled owner of the real property known as Lot and Block No. 266-G-49 situated in the Township of Robinson, Allegheny County, Pennsylvania (hereafter referred to as the "Five D Property") - which is immediately adjacent to, and to the west of, the E&R Property.

13.    Although said property has been vacant for several years, Dunn and/or Five D Development intend to develop and utilize the Five D Property as commercial property.

14.    In addition to operating his commercial development enterprise and managing the affairs of Five D Development, Dunn has also served as a member of the Township's Zoning Hearing Board since approximately 2017.

## JURISDICTION AND VENUE

15.    This action arises under the laws of the Commonwealth of Pennsylvania and is within the subject matter jurisdiction of this Court.

16.    Venue is proper in this Court pursuant to Rules 1006 and 2179 of the Pennsylvania Rules of Civil Procedure, because (i) the Defendants may be served in Allegheny County; (ii) the causes of action described in Plaintiffs' Complaint arose in Allegheny County; and, (iii) the transactions or occurrences from which this cause of action arose took place in Allegheny County.

3

## **FACTUAL BACKGROUND**

17.     The instant action arises from an unlawful scheme perpetrated by the Defendants, acting under color of state law, to interfere with Plaintiffs' property rights and to deprive Plaintiffs of their constitutional rights.

18.     Defendants' unlawful scheme involved a number of acts to oppress and interfere with Plaintiffs' constitutional property rights, including, but not limited to: 1) leveling false allegations that the E&R Property was being used for an "illegal operation" in violation of the Township's "ordinances," and effectively "shutting down" the lawful operation of E&R Partners' tenants at the subject property; 2) commencing and prosecuting frivolous criminal proceedings against Esposito for alleged zoning ordinance violations, despite knowing that such criminal prosecutions were not authorized under applicable Pennsylvania statutory law or the Township's Zoning Ordinance; and 3) initiating and prosecuting an improper condemnation action against the E&R Property for pretextual and unlawful reasons, namely to benefit another private landowner at the Plaintiffs' expense, and in violation of their constitutional rights protected under the Fifth Amendment of the United States Constitution.

<u>Plaintiffs' Permissible Usage of the E&R Property for Several Years</u>

19.     Since E&R Partners purchased the E&R Property in March, 2001, the E&R Property has been situated within an area of the Township's zoned C-2 Community Commercial District, which is specifically "designed and intended to accommodate general retail and service businesses," as well as "highway-oriented commercial uses which are not suited for neighborhood commercial areas." <u>See</u> §300-42(A), Robinson Township Zoning Ordinance.

20.     In accordance with its zoning classification within the C-2 Community Commercial District, the permissible uses for the E&R Property include, but are not limited to, the property

4

being used as a "business, professional or medical office." See §300-42(B)(1)(g), Robinson Township Zoning Ordinance.

21.     In accordance with the zoning classification assigned for the E&R Property, as well as the associated zoning regulations and/or restrictions promulgated by the Township, Plaintiffs have continuously and consistently utilized the E&R Property as a "business, professional or medical office" since receiving a Certificate of Occupancy from the Township on March 25, 2002. A true and correct copy of the Certificate of Occupancy dated March 25, 2002 is attached hereto as Exhibit A.

22.     In that regard, Esposito has operated a real estate business from the first and/or top floor of the E&R Property, and the basement floor has consistently been utilized by tenants as office space for their respective business operations.

23.     In sum, the E&R Property has always been utilized in accordance with Township's zoning regulations and in a manner permissible under the C-2 Community Commercial District classification.

24.     For the entire period of nearly twenty (20) years that E&R Partners has owned the subject property, the E&R Property has been directly accessible from Steubenville Pike, a state road, by way of a governor's driveway situated on the E&R Property - with said access controlled by a traffic light and/or signal located at the intersection of Steubenville Pike and Tidball Road, which has been in place since 2003.

25.     Needless to say, the direct access to and from Steubenville Pike is of great importance to Plaintiffs and the tenants of the E&R Property, as it permits prompt and easy access for their employees, business invitees and other parties, and said access greatly enhances the value of the E&R Property in general.

5

<u>Five D Development's Purchase of the Adjacent Property - and Dunn's</u>
<u>Efforts to Increase Its Commercial Value at Plaintiffs' Expense</u>

26.     On or about March 1, 2011, Five D Development purchased the Five D Property, which is situated adjacent to, and immediately to the west of, the E&R Property on Steubenville Pike in Robinson Township.

27.     At the time of Five D Development's purchase, the Five D Property was not directly accessible from Steubenville Pike (as the E&R Property was), as it instead enjoyed access from Waterford Drive, a public roadway that intersects with Steubenville Pike to the south of Tidball Road.

28.     When purchasing the Five D Property, Five D Development and Dunn planned to utilize the property as part of a commercial development, i.e. to build a strip mall, and Dunn envisioned the strip mall's development to include direct access from Steubenville Pike, which, without question, would greatly enhance the value of the Five D Property.

29.     In recognition of the enhanced value of Five D Development's commercial development - with its strip mall having direct access to and from Steubenville Pike from Tidball Road - Dunn approached Esposito in or around January, 2015 and proposed the development of a "shared driveway" to be utilized for signalized access to both the E&R Property and the Five D Property from Steubenville Pike.

30.     Although the E&R Property already enjoyed direct and signalized access to Steubenville Pike for several years, Dunn's proposal called for: 1) the closure of the private driveway on the E&R Property; 2) the installation of a new "shared driveway" to serve as the entranceway to the planned strip mall being developed, as well as the new means of access to the rear of the E&R Property; and 3) the reconfiguration and movement of the traffic light from its

6

current location at the intersection Steubenville Pike and Tidball Road to a different location along Steubenville Pike where the "shared driveway" would be constructed.

31.     Of course, Dunn's proposal would greatly enhance the value of the commercial development of the Five D Property; however, Dunn's proposed plan to install a "shared driveway" and reconfigure the traffic signaling scheme that was in place for several years would not benefit the E&R Property, and by extension the Plaintiffs, in any way.

32.     In that regard, Dunn's proposal would have resulted in the E&R Property no longer being directly accessible to and from Steubenville Pike, as Dunn's developmental plan - if implemented - would force anyone trying to access the E&R Property to traverse over and/or through the Five D Property, with the new strip mall and parking areas situated thereon, to eventually arrive at the rear of the E&R Property - rather than simply turning from Steubenville Pike onto the existing driveway and arriving at the front door of the E&R Property.

33.     Despite the obvious shortcomings and detrimental impact that such a plan would have upon the business operations conducted at the E&R Property, and the value of the E&R Property in general, Dunn merely provided Esposito with a drawing to depict the planned installation and construction of the "shared driveway" that he envisioned; however, there was no monetary consideration included within Dunn's proposal.

34.     With no benefit whatsoever to be recognized by Plaintiffs from the proposed plan to construct a "shared driveway" and reconfigure the existing traffic-signaling device, Dunn's one-sided proposal was rejected.

35.     Unfortunately for Plaintiffs, and in particular Esposito, his rejection of Dunn's one-sided proposal triggered an avalanche of outrageous and tortious conduct in violation of Plaintiffs' constitutional rights.

7

<u>The Improper Criminal Proceedings Initiated Against Esposito Personally</u>

36.     As a private landowner, E&R Partners was well within its legally protected property rights to reject Dunn's proposal, or otherwise grant Five D Development - another private landowner - with permission to utilize a portion of the E&R Property, or to consent to the closure of the signalized driveway that serves the E&R Property at Tidball Road as proposed within Dunn's development plan.

37.     In sum, the developmental plan proposed by Dunn, and any resulting negotiations between E&R Partners and Five D Development, constituted a business dialogue between two private landowners for which the Township's involvement was neither warranted nor necessary.

38.     Although the Township had absolutely no legitimate business involving itself in such discussions or negotiations between two private property owners, as E&R Partners and Five D Development are, the Township's officials took umbrage to Plaintiffs' position and embarked upon a concerted scheme intended to oppress Plaintiffs and force their consent in order for the development of the Five D Property to proceed.

39.     In that regard, Dunn, with the assistance and backing of the Township's officials, namely Urbano - in his capacity as the Township's Planning Director, Zoning Officer, and Chairman of the Planning Board - worked in earnest to finalize a land development plan for the Five D Property.

40.     As Dunn insisted upon having access to and from the Five D Property from Steubenville Pike - a state road - as part of the proposed development, Dunn and his company, Five D Development, were required to obtain a Highway Occupancy Permit ("HOP") from the Commonwealth of Pennsylvania Department of Transportation ("PennDOT").

8

41.     With the backing of Urbano and the Township, Dunn explored multiple avenues throughout 2015 and 2016 in an effort to obtain a HOP from PennDOT; however, his persistent efforts were continuously rebuffed by PennDOT because each of his proposed plans required an encroachment upon the E&R Property, which E&R Partners did not consent to.

42.     In short, Dunn and Five D Development needed Esposito's consent in order to develop the Five D Property such that the resulting strip mall would be directly accessible from Steubenville Pike, and the private parties never came to an agreement with respect to the same.

43.     In or around 2017, Dunn was appointed to the Township's Zoning Hearing Board and, clearly not by coincidence, Esposito soon thereafter became the target of a criminal prosecution initiated by the Township and its Code Enforcement Officer, Schonbeck, that was neither supported by probable cause nor authorized under governing statutory law.

44.     On or about October 31, 2017, Esposito received a letter from the Township's Solicitor, John F. Cambest, Esquire, which reported concerns of an alleged "illegal operation" at the E&R Property involving a "counseling initiative out of the basement" by a tenant, "TCI of Pittsburgh." A true and correct copy of the letter dated October 31, 2017 from Attorney Cambest to Esposito is attached hereto as Exhibit B.

45.     As set forth in Attorney Cambest's letter, the Township falsely alleged that there was no "Occupancy Permit" for the E&R Property and "for the operation of a business out of that location," and that Esposito - although not the record owner of the E&R Property - was in violation of various unnamed ordinances of the Township. See Exhibit B, October 31, 2017 Letter from Attorney Cambest to Esposito.

46.     Based upon its false accusation concerning the occupancy permit and its allegations of unnamed ordinance violations, the Township demanded for Esposito to "cease and desist the

9

operation of TCI of Pittsburgh or any other residential or commercial enterprise," and that if he failed to comply "within forty-eight (48) hours," the Township would proceed with "enforcing the laws of the Township" and "shutting down" the business operation. See Exhibit B, October 31, 2017 Letter from Attorney Cambest to Esposito.

47.     The Township leveled the false allegations of ordinance violations with the intent of harming Plaintiffs and with knowledge that said falsities would interfere with E&R Partners' contractual relationships with its tenants, The Counseling Initiative - Pittsburgh ("TCI") and Capital Realty & Funding Corporation ("Capital Realty"), the real estate business headed by Esposito.

48.     A few days later, on November 2, 2017, the Township followed through with its threat when certain Township officials and/or representatives visited the E&R Property and made additional accusations of vague and unspecified ordinance violations, and threatened to padlock the structure on the E&R Property the very next day if there was any evidence of occupancy or any business being conducted therein.

49.     Following the Township's deployment of such guerilla-like tactics, Esposito - through his counsel - informed the Township that its October 31, 2017 letter did not constitute valid notice of a zoning ordinance violation pursuant to Pennsylvania statutory law, and that any further attempts to "shut down" the business operations at the E&R Property would constitute a violation of Plaintiffs' constitutional due process rights. A true and correct copy of the letter dated November 2, 2017 from Attorney Robert Max Junker to Attorney Cambest is attached hereto as Exhibit C.

50.     Despite being fully informed that the October 31, 2017 letter was statutorily deficient with respect to providing proper notice of the alleged zoning ordinance violations, the Township continued its crusade by initiating criminal proceedings against Esposito anyway.

10

51.     Specifically, the Township's Code Enforcement Officer, Defendant Schonbeck, filed a non-traffic criminal citation against Esposito on November 10, 2017 for allegedly violating the Township's Zoning Ordinance.

52.     Upon information and belief, Schonbeck filed the criminal citation at the direction of the Township's Zoning Officer, Urbano, who had an obvious vendetta against Esposito.

53.     The initiation of the criminal proceeding against Esposito was deficient in multiple respects.

54.     From the outset, Schonbeck, presumably at Urbano's directive, filed the criminal citation against Esposito in his individual capacity, despite the fact that E&R Partners is the titled owner of the E&R Property.

55.     In their official capacities as the Code Enforcement Officer and Zoning Administrator for the Township, Schonbeck and Urbano clearly knew, or should have known, that Esposito was not the record owner of the E&R Property when the criminal proceedings were initiated.

56.     Next, and despite the fact that the criminal citation was directed to Esposito rather than the titled owner of the subject property, E&R Partners, Schonbeck and Urbano also failed to provide the requisite notice of the alleged zoning violation in accordance with the Township's Zoning Ordinance or governing Pennsylvania law.

57.     As mandated by both the Township's Zoning Ordinance and the Pennsylvania Municipalities Planning Code - where the Township alleges a zoning ordinance violation, it must commence its enforcement proceedings by first sending an enforcement notice to the recipient that identifies, in addition to other requirements, the following:

11

- The alleged zoning violation with specificity, including a description of the particular zoning requirements that are not being complied with;

- The applicable timeframe for the recipient to take the necessary measures and/or steps to remediate the violation and come into compliance with the ordinance;

- The recipient's right to appeal the alleged violation to the applicable zoning hearing board; and

- A warning that the recipient's "failure to comply with the notice within the time specified, unless extended by appeal, constitutes a violation, with possible sanctions…"

See 53 P.S. § 10616.1(c); §300-26(A), Robinson Township Zoning Ordinance.

58.     In their official roles as Code Enforcement Officer and Zoning Officer for the Township, Schonbeck and Urbano were clearly aware of the notice requirements set forth within both the Township's Zoning Ordinance and the Municipalities Planning Code; however, they elected to ignore said requirements when commencing enforcement against Esposito.

59.     Moreover, neither the Township's Zoning Ordinance nor the Municipalities Planning Code authorizes or provides for the prosecution of criminal citations when enforcing an alleged zoning violation - as Schonbeck, presumably at the directive of Urbano, filed and prosecuted against Esposito here.

60.     Instead, and as set forth within the applicable provisions of both the Township's Zoning Ordinance and the overarching Municipalities Planning Code, alleged zoning violations are to be enforced through "civil enforcement proceedings" initiated by the Township - rather than through the imposition of criminal proceedings as Schonbeck, on behalf of the Township, elected to pursue against Esposito.

12

61.     As can be imagined, the Township's initiation and imposition of a criminal proceeding against Esposito, rather than a civil proceeding against the titled owner of the property, created a procedural nightmare that was not rectified until the Commonwealth Court issued an Opinion and Order on May 31, 2019 under Docket No. 1399 C.D. 2018.

62.     Ultimately, the Commonwealth Court concluded and opined that "the Township failed to comply with the mandatory enforcement notification requirements" set forth within the Municipalities Planning Code, which, in light of their official roles in the Township, Schonbeck and Urbano were well aware of at the time they caused the improper and unlawful criminal citation to be filed against Esposito.

63.     As finally clarified by the Commonwealth Court after nearly twenty (20) months, when commencing the alleged zoning violation matter against Esposito - the Township and its appointed officials, Schonbeck and Urbano:

- Ignored and otherwise failed to fulfill most, if not all, of the notice requirements established by the Township's own Zoning Ordinance and the Municipalities Planning Code;

- Commenced and initiated its zoning enforcement action against Esposito in his individual capacity, rather than against the record owner of the subject property;

- Initiated the zoning enforcement action as a criminal offense, rather than as a civil proceeding as mandated under the Township's Zoning Ordinance and the Municipalities Planning Code.

64.     In light of such circumstances, it is clear that the Township's criminal prosecution against Esposito was in retaliation for his rejection of Dunn's proposed development plan and his failure to concede to the development of the Five D Property - and for no other reason.

13

The Ongoing Retaliatory and Tortious Conduct of the Township and Its Officials
in Violation of Plaintiffs' Constitutional Rights

65.     As if the unwarranted and improper criminal proceedings initiated against Esposito

did not cause enough harm, the Township's officials and Dunn engaged in additional strong-arm

tactics and tortious conduct against the Plaintiffs in furtherance of their concerted goal to develop

the Five D Property.

66.     As set forth above, the failure of the Township and its appointed officials to follow

the statutory mandates and requirements when commencing the zoning enforcement matter resulted

in confusion and procedural chaos, which Plaintiffs continuously tried to clarify and remedy

through their counsel.

67.     Unfortunately, and although neither Esposito nor E&R Partners had any part in

creating the procedural quagmire, their efforts to clarify their appellate rights with the Township

were met with continued resistance and bad faith conduct from the Township and its officials.

68.     By way of example, when seeking guidance as to the proper appellate mechanism

concerning the zoning dispute from the Township's Zoning Officer, Urbano, the Township elected

not to provide any such guidance.

69.     Rather than provide the requested guidance to Esposito, a lifelong resident and

constituent of the Township, the Township instead leveled new zoning allegations concerning the

E&R Property, as well as a litany of onerous requirements that it demanded to be adhered to in

order for the E&R Property to be considered compliant with the Township's Zoning Ordinance.

70.     In its response to an inquiry from Esposito's counsel, the Township not only

informed Esposito on August 22, 2018 that its Zoning Officer, Urbano, would not be providing the

information and/or guidance requested, but the Township also asserted - for the first time - that his

corporate entity, Capital Realty, "has failed to finalize the Building Permit that was issued to it"

14

within the mandated "five (5) year period," and, therefore, Capital Realty "needs to apply for a new Building Permit, new Occupancy Permit and new Zoning Permit as well as filing a new Site Plan to be reviewed by the Township to determine whether or not the proposed uses meet with all of the Zoning Requirements of the Township or Robinson." A true and correct copy of the letter dated August 22, 2018 from Attorney Cambest to Attorney Junker is attached hereto as Exhibit D.

71.     Of course, the Township had no legal authority or grounds to substantiate its untenable position - as its demands were clearly oppressive and retaliatory in nature, and in furtherance of Defendants' tortious and conspiratorial scheme.

72.     In any event, and in an effort to invoke their appellate rights concerning the ongoing allegations of zoning violations being leveled against them, E&R Partners and Esposito filed a Notice of Appeal to the Township's Zoning Hearing Board on September 10, 2018.

73.     Not surprisingly, Plaintiffs' efforts to invoke their appellate rights were quashed as untimely by the Township's Zoning Hearing Board, for which Dunn serves as a member.

74.     Further, and rather than trying to work with Plaintiffs to amicably resolve the zoning dispute, Urbano, in his capacity as the Township's Zoning Officer, issued another cease and desist letter dated September 20, 2018. A true and correct copy of the letter dated September 20, 2018 from Defendant Urbano, in his capacity as the Township's Zoning Officer, is attached hereto as Exhibit E.

75.     In addition to Urbano's self-serving synopsis and mischaracterization of events concerning the ongoing zoning dispute, the Township once again demanded that "TCI of Pittsburgh and any other residential/commercial enterprise" at the E&R Property "cease and desist" from conducting any further business operations at said property. See Exhibit E, September 20, 2018 Letter from Defendant Urbano to Esposito, E&R Partners and TCI.

15

76.     In that regard, Urbano informed Esposito, E&R Partners and TCI that any failure to cease operations at the E&R Property would result in the Township requesting "an injunction to prohibit the operation of the... businesses," as well as the assessment of a "daily fine of Five Hundred ($500.00) Dollars per day." See Exhibit E, September 20, 2018 Letter from Defendant Urbano to Esposito, E&R Partners and TCI.

77.     As a result of the ongoing draconian measures deployed by the Township and its appointed officials, TCI elected to terminate its lease with E&R Partners and vacated the E&R Property shortly after receiving Urbano's letter with the cease and desist directive.

78.     Shortly thereafter, and in furtherance of their conspiracy and tortious scheme of retaliation, the Township's Code Enforcement Officer, Schonbeck, filed a second non-traffic criminal citation against Esposito on October 11, 2018 under Docket No. MJ-05243-NT-0000484-2018.

79.     Thankfully for Esposito, and especially after being forced to expend tens of thousands of dollars in defense of the initial criminal proceeding that was improperly filed, the new criminal citation was summarily dismissed at the district magistrate level - as the magisterial district judge immediately recognized at the hearing that a criminal prosecution was not an authorized enforcement mechanism for an alleged zoning violation, under either the Township's Zoning Ordinance or the Pennsylvania Municipalities Planning Code.

The Township's Final Dagger Into Plaintiffs' Constitutional Rights - The Condemnation Action

80.     Unfortunately for Plaintiffs, the tortious crusade of the Township and its officials was not limited to initiating unlawful and unauthorized criminal actions against Esposito, and engaging in bad faith conduct with respect to Plaintiff's efforts to invoke their appellate rights with respect to the ongoing zoning dispute.

81.     Ultimately, the Township, its appointed officials and Dunn concocted a scheme in which the development of the Five D Property could proceed without the assent of Esposito and/or E&R Partners - through a condemnation action instituted under the false guise of being for the betterment of the public, and which resulted in the Township's taking of a portion of the E&R Property for no consideration.

82.     Specifically, at a public meeting of the Township's Board of Commissioners on May 7, 2018, the Township's Commissioners authorized a Declaration of Taking - which resulted in the condemnation of a portion of the E&R Property without any compensation being paid to its owner, E&R Partners.

83.     After receiving the authorization of the Board of Commissioners, the Township filed a Declaration of Taking on May 11, 2018 in the Court of Common Pleas of Allegheny County, under Docket No. G.D. 18-006038, which effectively condemned a component of the E&R Property.  A true and correct copy of the Declaration of Taking is attached hereto as Exhibit F.

84.     In short, the Township's Declaration of Taking and condemnation of E&R Partners' property, if left unchecked, will permit Dunn and Five D Development to proceed with the development of the Five D Property - with direct access to and from Steubenville Pike - while E&R Partners will not only lose its direct access to Steubenville Pike, but a portion of its property altogether.

85.     Of course, the Township falsely contends that there is a legitimate public purpose for the condemnation, such that it was necessary to construct a "new public roadway and traffic signalization" at what will be a revised intersection of Steubenville Pike and Tidball Road, and that the revised intersection will be safer than the current intersection.  See Exhibit F, Declaration of Taking, ¶4.

17

86.     Regardless of its stated reasons, however, the Township's underlying motive and rationale for the condemnation of the E&R Property was solely to enhance the development of the Five D Property with direct access to Steubenville Pike, as proposed and sought by Dunn and his controlled company, Five D Development, from the outset - and at the Plaintiffs' expense.

87.     To illustrate the Township's true motive behind the condemnation of the E&R Property, it is telling that the plans for the purported new public roadway were not completed at the time the Township's Commissioners authorized the taking.

88.     When making the decision to proceed with the condemnation, the Commissioners also failed to consider any traffic studies, crash studies, police reports or other pertinent data that could otherwise justify that the Township's condemnation decision was made for safety-related reasons.

89.     In sum, the Township's condemnation of E&R Partners' property was a deliberately calculated act with the overarching goal of benefiting Dunn and Five D Development in order for their proposed development of the Five D Property to proceed, without any concern to the violation of Plaintiffs' constitutional rights that occurred in the process.

## COUNT I.     MALICIOUS PROSECUTION

(Plaintiff, James M. Esposito v. Defendants, Richard Urbano and Joseph J. Schonbeck)

90.     Paragraphs 1 through 89 of this Complaint are incorporated herein by reference as if the same were set forth herein and at length.

91.     As set forth herein, Defendants Schonbeck and Urbano filed, or caused to be filed, multiple non-traffic criminal citations against Esposito in his individual capacity for alleged violations of the Township's Zoning Ordinance with respect to the E&R Property.

92.     In his capacity as the Zoning Officer of the Township, Urbano knew, or should have known, that Esposito was not the titled or record owner of the E&R Property.

93.     In his appointed role as the Township's Zoning Officer, Urbano was also aware, or should have been aware, of the applicable notice requirements for enforcing zoning violations, and that neither the Township's Zoning Ordinance nor the Pennsylvania Municipalities Planning Code authorize the prosecution of criminal proceedings when enforcing such zoning violations.

94.     In his capacity as the Code Enforcement Officer of the Township, Schonbeck also knew, or should have known, that Esposito was not the titled or record owner of the E&R Property.

95.     In his appointed role as the Township's Code Enforcement Officer, Schonbeck was also aware, or should have been aware, of the applicable notice requirements for enforcing zoning violations, and that neither the Township's Zoning Ordinance nor the Pennsylvania Municipalities Planning Code authorize the prosecution of criminal proceedings when enforcing such zoning violations.

96.     Despite having such knowledge and awareness, Defendants Urbano and Schonbeck initiated the criminal proceedings against Esposito anyway - and without the requisite probable cause.

97.     When initiating the criminal proceedings, Defendants Urbano and Schonbeck acted willfully, maliciously, and with the specific intent to harm Esposito.

98.     When initiating, commencing and pursuing the criminal proceedings, Defendants Urbano and Schonbeck were acting for retaliatory purposes and in furtherance of a tortious scheme, and for purposes that were clearly not intended to serve any form of justice.

99.     The unlawful and unauthorized criminal proceedings initiated by Defendants Urbano and Schonbeck were terminated in Esposito's favor.

100.    As the direct result and consequence of Defendants unlawful and unauthorized

initiation of criminal proceedings against him, Esposito has suffered a significant deprivation of his

liberty.

101.    Moreover, Esposito was also forced to expend significant sums to defend against the

baseless and unauthorized criminal proceedings, and, therefore, Esposito has sustained significant

monetary damages as a direct and proximate result of the conduct of Defendants Urbano and

Schonbeck.

WHEREFORE, Plaintiff, James M. Esposito, demands judgment in excess of $35,000.00 in

his favor and against Defendants, Richard Urbano and Joseph J. Schonbeck, plus punitive damages,

interest, costs of suit and for such other and further relief as this Court may deem just and proper

under the circumstances.

## COUNT II.    TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
(Plaintiffs, Capital Builders, Inc. and E&R Partners, L.P. v. Defendants,
Richard Urbano and Joseph J. Schonbeck)

102.    Paragraphs 1 through 101 of this Complaint are incorporated herein by reference

as if the same were set forth herein and at length.

103.    As set forth herein, E&R Partners is the titled and record owner of the E&R

Property, and Capital Builders is the General Partner of E&R Partners.

104.    As the titled and record owner of the E&R Property, E&R Partners entered into

contractual agreements and/or leases with both TCI and Capital Realty, from which E&R Partners

agreed to lease certain office space located within the E&R Property to said tenants in return for

rental payments.

105.    Through their initiation of the aforementioned unlawful and unauthorized criminal

offenses against Esposito for alleged zoning violations, Defendants Urbano and Schonbeck acted in

20

a purposeful and deliberate manner with the intent of shutting down the business operations of TCI and Capital Realty - and to interfere with E&R Partners' contractual relationships with said tenants.

106.    In addition to causing the unlawful and unauthorized criminal citations to be filed against Esposito, Defendant Urbano has also persisted in making unsubstantiated accusations of purported zoning violations with respect to the E&R Property, as well as issuing baseless cease and desist letters to E&R Partners and its tenants - conduct specifically intended to harm E&R Partners, Esposito, and to interfere with E&R Partners' contractual relationships with its tenants.

107.    Finally, Defendant Urbano's continuing course of outlandish, outrageous and inexplicable conduct has not only caused E&R Partners' prior tenant, TCI, to terminate its lease and vacate the E&R Property, but Defendant Urbano's actions have effectively prevented E&R Partners from having the ability to enter into contractual lease arrangements with other prospective tenants.

108.    When engaging in such outrageous and tortious conduct, Defendants Urbano and Schonbeck acted without privilege or justification.

109.    As direct result and consequence of Defendants' wrongful and tortious conduct, E&R Partners has sustained significant damages.

WHEREFORE, Plaintiffs, Capital Builders, Inc. and/or E&R Partners, L.P., demand judgment in excess of $35,000.00 in their favor and against Defendants, Richard Urbano and Joseph J. Schonbeck, plus punitive damages, interest, costs of suit and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT III.   CIVIL CONSPIRACY

(Plaintiffs v. Defendants, Richard Urbano, Joseph J. Schonbeck and Michael A. Dunn)

110.    Paragraphs 1 through 109 of this Complaint are incorporated herein by reference as if the same were set forth herein and at length.

111.   As set forth herein, Defendants Urbano, Schonbeck and Dunn engaged in a concerted and unlawful scheme designed to interfere with Plaintiffs' rights and in furtherance of their common goal of advancing the development of the Five D Property at Plaintiffs' expense.

112.   With respect to Defendant Dunn, his role and participation in the concerted scheme and/or conspiracy is obvious, as his controlled entity, Five D Development, is the owner of the Five D Property - both Dunn and Five D Property would benefit handsomely from the Five D Property being developed in accordance with the plans that Dunn has pushed to implement for several years.

112.   From the outset, it is believed, and therefore averred, that Dunn was instrumental in persuading the Township's officials, namely Urbano, in engaging in a pattern of oppressive and egregious conduct against Esposito in an effort to break his will and force his concession to Dunn's planned development of the Five D Property.

113.   Further, and following PennDOT's rejection of his prior submitted proposals to gain direct access to the Five D Property from Steubenville Pike, Dunn orchestrated the Township's approval of the condemnation plan and the filing of the Declaration of Taking against Plaintiffs, through false pretenses.

114.   Finally, it is believed, and therefore averred, that Dunn abused the power associated with his role as a member of the Township's Zoning Hearing Board to frustrate Plaintiffs' efforts to invoke their appellate rights concerning the multitude of alleged zoning infractions leveled against them with respect to the E&R Property.

115.   Without question, Defendant Urbano took affirmative actions and misused his authority and powers as a Township official in furtherance of the concocted scheme and conspiracy against Plaintiffs, and in particular Esposito.

22

116.    As set forth more fully above, Urbano caused the unauthorized and unlawful criminal citations to be filed against Esposito, and he engaged in numerous other acts designed to harm Plaintiffs and in violation of their constitutional rights.

117.    In fulfilling his part in the concerted scheme and conspiracy designed to harm Plaintiffs, Defendant Schonbeck filed the unauthorized and unlawful criminal citations against Esposito, and abused his powers as the Township's Code Enforcement Officer in the process.

118.    In sum, Defendants Dunn, Urbano and Schonbeck combined and agreed to embark upon a concerted scheme intended to harm Plaintiffs through various means, including, but not limited to: initiating unauthorized and unlawful criminal actions against Esposito; depriving Esposito of his constitutionally protected due process rights; tortiously interfering with E&R Partners' contractual relationships with its tenants; and, ultimately, depriving Plaintiffs of their constitutional property rights with relation to the E&R Property.

119.    The outrageous actions of Defendants Dunn, Urbano and Schonbeck were undertaken with malice, and with the specific intent of harming Plaintiffs - in furtherance of their concerted goal of advancing the development of the Five D Property, at the expense of the Plaintiffs' constitutional rights.

120.    As direct result and consequence of Defendants' wrongful and tortious conduct, Plaintiffs have sustained significant damages.

WHEREFORE, Plaintiffs, James M. Esposito, Capital Builders, Inc. and E&R Partners, L.P., demand judgment in excess of $35,000.00 in their favor and against Defendants, Richard Urbano, Joseph J. Schonbeck and Michael A. Dunn, plus punitive damages, interest, costs of suit and for such other and further relief as this Court may deem just and proper.

## COUNT IV.   VIOLATION OF 42 U.S.C. § 1983

(Plaintiffs, Capital Builders, Inc. and E&R Partners, L.P. v. Defendants, Robinson Township,
Richard Urbano and Michael A. Dunn)

121.    Paragraphs 1 through 120 of this Complaint are incorporated herein by reference as if the same were set forth herein and at length.

122.    Robinson Township is a municipality of the Commonwealth of Pennsylvania.

123.    Defendant Urbano, at all relevant times hereto, acted in his official capacity as an appointed official of the Township, serving in the capacity as the Township's Planning Director and Zoning Officer.

124.    As Urbano's participation in the concerted scheme and tortious actions were taken against Plaintiffs in furtherance of, and in relation to, his role as a Township official, Urbano acted under color of state law.

125.    At all relevant times hereto, Defendant Dunn engaged in actions in concert with Urbano and the Township, and he also exerted significant influence over Urbano and the Township, in order to perpetrate a scheme designed to advance the development plans of his controlled company, Five D Development, and to violate the constitutionally-protected property rights of Capital Builders and/or E&R Partners.

126.    When participating in the concerted scheme and conspiracy against Plaintiffs, whether in accordance with his role as a member of the Township's Zoning Board or in his individual capacity, Dunn was acting with the help of and in concert with the Township and its appointed officials, such that Dunn was also acting under color of state law.

127.    By engaging in the wrongful conduct described herein, the Township, Urbano and Dunn deprived Capital Builders and E&R Partners of their constitutionally-protected rights,

24

including, but not limited to, the right to be free from unlawful and unreasonable takings as guaranteed by the Fifth Amendment.

128.    In perpetrating their concerted scheme in violation of Plaintiffs' constitutional rights, the Township, Urbano and Dunn acted arbitrarily, capriciously and without probable cause.

129.    The Township, Urbano and Dunn knew that their concerted actions, which ultimately resulted in the condemnation and unlawful taking of E&R Partners' property without just compensation, were not in furtherance of any legitimate public purpose and, in fact, were to benefit Dunn's controlled company, Five D Development, a private landowner.

130.    In light of such circumstances, the conduct of the Township, Urbano and Dunn screams of corruption, self-dealing and constitutes governmental abuse that shocks the conscience.

131.    As direct result and consequence of Defendants' wrongful and tortious conduct, Plaintiffs have sustained significant damages.

WHEREFORE, Plaintiffs, Capital Builders, Inc. and E&R Partners, L.P., demand judgment in excess of $35,000.00 in their favor and against Defendants, the Township of Robinson, Richard Urbano, and Michael A. Dunn, plus punitive damages, interest, attorneys' fees, costs of suit and for such other and further relief as this Court may deem just and proper.

## COUNT IV.   VIOLATION OF 42 U.S.C. § 1983
(Plaintiff, James M. Esposito v. Defendants, Robinson Township,
Richard Urbano and Joseph J. Schonbeck)

132.    Paragraphs 1 through 131 of this Complaint are incorporated herein by reference as if the same were set forth herein and at length.

133.    As noted above, Robinson Township is a municipality of the Commonwealth of Pennsylvania.

134.    As also set forth herein, Defendant Urbano acted in his official capacity as an appointed official of the Township, serving in the capacity as the Township's Planning Director and Zoning Officer, at all relevant times to the instant action.

135.    Defendant Schonbeck, at all relevant times hereto, acted in his official capacity as an appointed official of the Township, serving in the capacity as the Township's Code Enforcement Officer.

136.    As described more fully herein, Defendants Urbano and Schonbeck filed, or caused to be filed, multiple non-traffic criminal citations against Esposito in his individual capacity for alleged violations of the Township's Zoning Ordinance with respect to the E&R Property.

137.    Defendants Urbano and Schonbeck initiated the criminal proceedings against Esposito without probable cause, and in blatant disregard of the applicable notice requirements for enforcing such zoning violations.

138.    Further, Defendants Urbano and Schonbeck initiated the criminal proceedings against Esposito despite being fully aware and cognizant of the fact that Esposito was not the record owner of the E&R Property, and that neither the Township's Zoning Ordinance nor the Pennsylvania Municipalities Planning Code authorize the prosecution of criminal proceedings when enforcing zoning violations.

139.    When engaging in such egregious conduct specifically intended to harm Esposito, and to deprive him of his substantive due process rights, Defendants Urbano and Schonbeck were acting in their official capacities for the Township and under color of state law.

140.    Despite the notice requirements established both within its own Zoning Ordinance and the Municipalities Planning Code, the Township routinely files criminal actions to enforce zoning violations.

26

141.    In fact, the Township's practice of wrongfully enforcing zoning violations through the filing and issuance of criminal citations, rather than following the enforcement procedures outlined within the Municipalities Planning Code, is so widespread and customary that it constitutes a standard operating procedure of the Township.

142.    Finally, the Township's failure to adequately train and supervise its officials, namely Urbano and Schonbeck, with respect to appropriate zoning enforcement procedures constitutes a deliberate indifference on the Township's part, such that the resulting violation of Esposito's constitutional due process rights was a highly predictable consequence of the Township's training and/or supervisory shortcomings.

143.    As a result of the customary practices and/or deliberate indifference exhibited by the Township, as well as the egregious conduct of its appointed officials, Urbano and Schonbeck, said Defendants deprived Esposito of his substantive due process rights guaranteed under the Fifth and Fourteenth Amendments.

144.    The actions of the Township, Urbano and Schonbeck were arbitrary, capricious and without probable cause.

145.    As the Township, Urbano and Schonbeck knew that their actions lacked factual support and were contrary to settled law, such egregious and outrageous conduct constitutes governmental abuse that shocks the conscience.

146.    As direct result and consequence of Defendants' wrongful and tortious conduct, Esposito has sustained significant damages.

27

WHEREFORE, Plaintiff, James M. Esposito, demands judgment in excess of $35,000.00 in his favor and against Defendants, the Township of Robinson, Richard Urbano, and Joseph J. Schonbeck, plus punitive damages, interest, attorneys' fees, costs of suit and for such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

BURNS WHITE LLC

Douglas C. Hart, Esquire
Pa. ID No. 91663
dchart@burnswhite.com
Taylor M. Davis, Esquire
Pa. ID No. 327312
tmdavis@burnswhite.com
Burns White Center
48 26th Street
Pittsburgh, PA  15222
(412) 995-3000

July 15, 2021

*Counsel For Plaintiffs, Capital Builders, Inc., E&R Partners, L.P. and James M. Esposito*

28

# EXHIBIT A

# Certificate of Occupancy

## Robinson Township

## ALLEGHENY COUNTY, PA

**Block Lot:**

**Business Name:** CAPITAL REALTY & FUNDING CORPORATION   **Business Phone:** 412-722-0222

**Address** 5852 | STEUBENVILLE PIKE

MCKEES ROCKS, PA  15136

**Building Permit#:** 396-01-B   **Zoning:** C-2

**Permitted Occupancy:** OFFICE

**Owner:** E & R PARTNERS,   **Lessee:**

**Owner Address** 5852 STEUBENVILLE PIKE   **Address**

**City:** MCKEES ROCKS, PA  15136

**Owner Phone:** 412-722-0226   **Phone:**

DEPARTMENT OF BUILDING INSPECTION GRANTS APPROVAL FOR THE FOLLOWING CLASSIFICATION DESCRIBED ABOVE AND AUTHORIZES OCCUPANCY.

**Occupancy Permit No:** 47-02-O   **Date:** 3/25/02

_Joseph A. Perri_
Building Inspector

# EXHIBIT B



# DODARO, MATTA & CAMBEST, P.C.
### ATTORNEYS AT LAW
#### SOUTHPOINTE TOWN CENTER
#### 1900 MAIN STREET, SUITE 207
#### CANONSBURG, PA 15317

JAMES J. DODARO
GARY J. MATTA
JOHN F. CAMBEST

STEVEN M. TOPRANI
MICHAEL J. HAMMOND
KRISHA A. DIMASCIO
NATHANIEL J. BORING
JOSEPH R. DALFONSO

October 31, 2017

(Certified Mail 7015 0640 0006 8710 9044,
U.S. First Class Mail and Hand Delivery)

(Certified Mail 7015 0640 0006 8710 9037,
U.S. First Class Mail and Hand Delivery)

Mr. James Esposito
82 Forest Grove Road
Coraopolis, Pennsylvania 15108

Mr. James Esposito
5852 Steubenville Pike
Pittsburgh, Pennsylvania 15205

Re:   5052 Steubenville Pike – Robinson Township, Pennsylvania
Illegal Operation – Occupancy Permit
Our File No. ROBIN-8053

Dear Mr. Esposito:

As you are aware, our office acts as Solicitor to the Township of Robinson. In that capacity, we have received information that an illegal operation may be occurring at the above captioned address. It is our understanding that TCI of Pittsburgh is operating a counseling initiative out of the basement of the above property. The Township officials have informed us that there is not an Occupancy Permit for the property and for the operation of a business out of that location. This is a violation of the Ordinances of the Township of Robinson.

Accordingly, please accept this letter as the Township's demand that you cease and desist the operation of TCI of Pittsburgh or any other residential or commercial enterprise without obtaining an Occupancy Permit from the Township of Robinson. If you do not cease this operation within forty-eight (48) hours of the receipt of this notification, the Township will have no other recourse than to enforce the laws of the Township of Robinson which will include, but not be limited to, the shutting down of this operation. The Township of Robinson thanks you for your cooperation in this matter. If you have any questions please do not hesitate to contact me.

Very truly yours,

DODARO, MATTA & CAMBEST, P.C.

John F. Cambest, Esquire

JFC:cak

x.\client docs\robinson township\five d. development, llc - pike plaza\esposito, james ltr - october 31, 2017.docx

ALLEGHENY COUNTY
1500 ARDMORE BLVD., SUITE 409
PITTSBURGH, PA 15221-5233

WWW.LAW-DMC.COM
TEL: (412) 243-1600
FAX: (412) 243-1643

WESTMORELAND COUNTY
1 WENDELL RAMEY LANE, SUITE 150
MONESSEN, PA 15062

# EXHIBIT C



**Babst | Calland**
Attorneys at Law

Robert Max Junker
Attorney at Law
T 412.773.8722
rjunker@babstcalland.com

November 2, 2017

*Via Regular and Electronic Mail* (jcambest@law-dmc.com)

John F. Cambest
Dodaro, Matta & Cambest, P.C.
Southpoint Town Center
1900 Main Street, Suite 207
Canonsburg, PA 15317

      **RE:**    **5852 Steubenville Pike, Robinson Township**
              **Deficient Notice of Violation**

Dear Mr. Cambest:

      The law firm of Babst, Calland, Clements & Zomnir, P.C. ("Babst Calland") represents E&R Partners, LP ("E&R Partners") and James Esposito.  As you are aware, E&R Partners currently owns property located at 5852 Steubenville Pike, McKees Rocks, PA 15136 (the "Property").

      We are contacting you in regard to your correspondence to James Esposito on behalf of the Township of Robinson (the "Township") dated October 31, 2017 and delivered to Mr. Esposito by certified mail today.  You allege use of the Property without an occupancy permit generally in violation of the "Ordinances of the Township of Robinson".  Your correspondence then demands that Mr. Esposito cease operating any residential or commercial enterprises on the Property within forty-eight (48) hours of receipt or "the Township will have no other recourse than to enforce the laws of the Township of Robinson which will include, but not be limited to, the shutting down of this operation."

      In addition to the general allegations and harsh demands in your correspondence, representatives of the Township visited the Property today and verbally threatened to padlock the principal structure located on the Property if there are signs of occupancy tomorrow, November 3, 2017.  Township representatives also verbally alleged additional Township vague and unspecified ordinance violations that must be remedied.

      Pennsylvania law and the Township's ordinances set forth comprehensive enforcement procedures that the Township must follow upon discovery of an ordinance violation.  No such procedure has been followed at this time.  Therefore, any attempt by the Township to shut down E&R Partners' operations or padlock its structure without service of a formal Notice of Violation is improper, contrary to applicable law and Township ordinances, and a violation of my client's

# EXHIBIT D



# DODARO, MATTA & CAMBEST, P.C.
## ATTORNEYS AT LAW

JAMES J. DODARO
GARY J. MATTA
JOHN F. CAMBEST

SOUTHPOINTE TOWN CENTER
1900 MAIN STREET, SUITE 207
CANONSBURG, PA 15317

STEVEN M. TOPRANI
MICHAEL J. HAMMOND
KRISHA A. DIMASCIO
NATHANIEL J. BORING
JOSEPH R. DALFONSO

August 22, 2018

(Via E-Mail: rjunker@babstcalland.com and
U.S. First Class Mail)

Robert Max Junker, Esquire
BABST CALLAND
Two Gateway Center
Pittsburgh, Pennsylvania 15222

Re:    5852 Steubenville Pike
       McKees Rocks, Pennsylvania 15136
       Our File No. ROBIN-8085

Dear Mr. Junker:

Please be advised that I have been referred your letter of August 9, 2018 to Rick Urbano, Zoning Officer of the Township of Robinson, concerning the above captioned matter. As stated in your letter of August 9, 2018, Judge Thomas Flaherty of the Court of Common Pleas of Allegheny County, has directed that you and/or your client either apply for the Zoning Permit or otherwise Appeal to the Zoning Hearing Board to address the dispute over the requirements of the Robinson Township Zoning Ordinance and your client's citations pursuant to Sections 300-17, 18 and 25 of the Robinson Township Code of Ordinances and as renumbered in the recent Amendments to the Zoning Ordinance. Although the numbers have been changed in the recent Amendments the requirements are the same. It is my understanding that you have neither applied for the Zoning Permit or Appealed to the Zoning Hearing Board to address the disputed issues. The time limit for appealing before the Zoning Hearing Board of the Township has passed for August and the deadline for filing an Appeal to the Zoning Hearing Board to be heard in September is fast approaching. If you decide to do neither, I will ask that Judge Flaherty set a date for a Status Conference to address your failure to comply with his directives.

In reply to your question as to whether or not you are able to Appeal a Zoning Notice of Violation because, in your opinion, the Citation has never been issued against the property, I would suggest that should have been raised at the hearing before the local Magistrate Court and/or on Appeal to the Court of Common Pleas of Allegheny County. In addition, it would seem to me that Judge Flaherty's direction to either file for a Zoning Permit or Appeal to the Zoning Hearing Board would supersede any questions you should have raised at either the Magistrate's level or before the Court of Common Pleas on Appeal.

---

ALLEGHENY COUNTY
1500 ARDMORE BLVD., SUITE 409
PITTSBURGH, PA 15221-5233

WWW.LAW-DMC.COM
TEL: (412) 243-1600
FAX: (412) 243-1643

WESTMORELAND COUNTY
1 WENDELL RAMEY LANE, SUITE 150
MONESSEN, PA 15062

Finally, the Township believes it is not necessary to engage in discovery concerning an Appeal to the Zoning Hearing Board of the Township of Robinson.   As I have stated to you and your client previously, it is the Township's position that Capital Realty has failed to finalize the previous Building Permit that was issued to it within the five (5) year period required by the Township Ordinance and, therefore, needs to apply for a new Building Permit to finalize the additions that were previously applied for.  The Township Ordinances do require that when there is an additional tenant placed in a building or there is a change in tenancy a new Occupancy Permit as well as a Zoning Permit is required to be applied for.

It is the position of the Township that Capital Realty needs to apply for a new Building Permit, new Occupancy Permit and new Zoning Permit as well as filing a new Site Plan to be reviewed by the Township to determine whether or not the proposed uses meet with all of the other Zoning requirements of the Township of Robinson.

Very truly yours,

DODARO, MATTA & CAMBEST, P.C.

John F. Cambest, Esquire

cc:     Frank Piccolino, Township Manager
        Rick Urbano
        Joseph Schonbeck

x:\2018 clients\municipal clients\robinson township\esposito, james - occupancy permit\junker, robert max letter - august 22 2018.docx

# EXHIBIT E



# Township of Robinson

1000 Church Hill Road
Pittsburgh, PA  15205-9006
(412) 788-8120
FAX: (412) 788-8126

**SAMUEL ABATTA**
*Chairman*
**RONALD SHIWARSKI**
*Vice-Chairman*
**JAMES BAREFOOT**
**KENNETH KISOW**
**DR. JAMES MANCINI**
**BOARD MEMBERS**

September 20, 2018

Mr. James Esposito
82 Forest Grove Road
Coraopolis, Pennsylvania  15108

Mr. James Esposito
5852 Steubenville Pike
Pittsburgh, Pennsylvania  15205

TCI of Pittsburgh (Counseling Initiative)
c/o Jessica Zagari
25 Spruce Lane
Burgettstown, Pennsylvania  15021

Counseling Initiative
5852 Steubenville Pike
Pittsburgh, Pennsylvania  15205

E&R Partners
5852 Steubenville Pike
Pittsburgh, Pennsylvania  15205

Re:   5852 Steubenville Pike – Robinson Township, Pennsylvania
       Illegal Operation – Occupancy Permit
       Our File No. ROBIN-8053

Dear Mr. Esposito:

As you are aware, on October 31, 2017, you were issued a Notice of Enforcement of the Ordinances of the Township of Robinson pertaining to an illegal operation that was occurring at the above captioned address. It is our understanding that you permitted TCI of Pittsburgh to operate a counseling initiative out of the basement of the above property. TCI of Pittsburgh was operating the counseling initiative without an Occupancy Permit for the property and for the operation of a business out of that location. In addition, you failed to cease and desist the operation of TCI of Pittsburgh or any other residential/commercial enterprise without obtaining an Occupancy Permit from the Township of Robinson. As a result, the Township of Robinson was forced to issue citations with the local Magistrate for violations pursuant to Article III – Administration and Enforcement of the Robinson Township Code of Ordinances, Sections 300-16, 300-17 and 300-18, and as amended by the Township of Robinson. In addition, the citations were issued under Part 21-A – Off-Street Parking and Loading of the Code of Ordinances. It is the Township's position is that you are currently in violation of Part 21-A for failure to submit and have approved a Site Plan for the above property address.    You were previously forwarded the applicable sections of the Robinson Township Code of Ordinances as well as the relevant forms for Application for Certificates of Occupancy, Building Permits and Site Plan Applications.

On February 15, 2018 you were found to be in violation of the Township Ordinances by District Justice Carla M. Swearingen-Batch. On March 9, 2018 an additional Enforcement Notice was sent to you and Capital Realty at the above address. You were advised at that time that if you continue the illegal operation of the businesses currently operating in the building you could be subject to civil fines and penalties. At that time you were advised that if you believed you were not in violation of the provisions of the Zoning Ordinance of the Township of Robinson and/or its Building Codes you have the right to file an Appeal to the Zoning Hearing Board of the Township of Robinson and to the Court of Common Pleas of Allegheny County within thirty (30) days of February 15, 2018.

On or about March 15, 2018 you filed an Appeal to the Court of Common Pleas of Allegheny County from your summary conviction. However, you failed to file an Appeal to the Zoning Hearing Board of the Township of Robinson. You did file an Appeal to the Zoning Hearing Board of the Township of Robinson on September 10, 2018, said Appeal being beyond the thirty (30) day time limit for Appeal to the Zoning Hearing Board.

On September 18, 2018, your Appeal was dismissed by the Honorable Lester Nauhas of the Court of Common Pleas of Allegheny County. As a result of the dismissal of the Appeal by the Court of Common Pleas of Allegheny County, you are subject to the Five Hundred ($500.00) Dollar fine instituted by Judge Swearingen-Batch and you may be subject to an additional Five Hundred ($500.00) Dollar daily fine for your failure to cease and desist the operation of the illegal tenants in your building.

As a result of the above, you must cease and desist the operation of TCI of Pittsburgh and any other residential/commercial enterprise at the above location without obtaining an Occupancy Permit from the Township of Robinson. If you do not cease this operation within ten (10) days of the receipt of this notification the Township will have no other recourse but to enforce the laws of the Township of Robinson which will include, but not be limited to, the request for an injunction to prohibit the operation of the above stated businesses as well as a daily fine of Five Hundred ($500.00) Dollars per day as a result of the dismissal of your Appeal to the Court of Common Pleas of Allegheny County.

Very truly yours,

ROBINSON TOWNSHIP

Rick Urbano, Zoning Officer

 **Township of Robinson**
1000 Church Hill Road
Pittsburgh, PA 15205-9006

 **CERTIFIED MAIL**

7008 1830 0001 2512 6136

 $ 006.67

MR. JAMES ESPOSITO
82 FOREST GROVE RD
CORAOPOLIS, PA 15108

# EXHIBIT F

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

IN RE:

CONDEMNATION BY THE
TOWNSHIP OF ROBINSON
OF CERTAIN LANDS OWNED NOW
OR FORMERLY OF:

E & R PARTNERS, L.P.,
82 FOREST GROVE ROAD
CORAOPOLIS, PA 15108

JAMES ESPOSITO
5852 STEUBENVILLE PIKE,
MCKEES ROCKS, PA 15136
(LOT & BLOCK 266-G-51)

HUNTLEY AND HUNTLEY
2660 MONROEVILLE, PA 15146

HERMAN EDWARDS
5852 STEUBENVILLE PIKE,
MCKEES ROCKS, PA 15136

CIVIL DIVISION

Docket No.: GD-18-  6 0 38

IN REM – EMINENT DOMAIN

**DECLARATION OF TAKING**

Filed on Behalf of:

ROBINSON TOWNSHIP

Counsel of Record for this Party:

John F. Cambest, Esquire
PA ID No.        20134

Samuel J. Dalfonso, Esquire
PA ID No.        318835

DODARO, MATTA & CAMBEST, P.C.

Southpointe Town Center
1900 Main Street, Suite 207
Canonsburg, PA 15317

Tel: (412) 243-1600
Fax: (412) 243-1643

FILED
2018 MAY 11  PM 12: 32

OPS$BRIANM01
05-11-2018        12:34:49
GD-18-006038

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

IN RE:

CONDEMNATION BY THE
TOWNSHIP OF ROBINSON
OF CERTAIN LANDS OWNED NOW
OR FORMERLY OF:

E & R PARTNERS, L.P.,
82 FOREST GROVE ROAD
CORAOPOLIS, PA 15108

JAMES ESPOSITO
5852 STEUBENVILLE PIKE,
MCKEES ROCKS, PA 15136
(LOT & BLOCK 266-G-51)

HUNTLEY AND HUNTLEY
2660 MONROEVILLE, PA 15146

HERMAN EDWARDS
5852 STEUBENVILLE PIKE,
MCKEES ROCK, PA 15146

CIVIL DIVISION

Docket No.: GD-18-

IN REM – EMINENT DOMAIN

**DECLARATION OF TAKING**

## NOTICE TO DEFEND

    You have been sued in court. If you wish to challenge the power or right of the condemnor to appropriate the condemned property, the sufficiency of the security, the procedure followed by the condemnor or the declaration of taking, you must file preliminary objections within thirty (30) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in the writing with the court your preliminary objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

    **IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE
THE ALLEGHENY COUNTY BAR ASSOCIATION
920 CITY-COUNTY BUILDING
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-0518

DODARO, MATTA & CAMBEST, P.C.

Date: 5/11/18

By _____

John F. Cambest, Esquire

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

IN RE:                                                  CIVIL DIVISION

CONDEMNATION BY THE                                     Docket No.: GD-18-
TOWNSHIP OF ROBINSON
OF CERTAIN LANDS OWNED NOW
OR FORMERLY OF:                                         IN REM – EMINENT DOMAIN

E & R PARTNERS, L.P.,                                   **DECLARATION OF TAKING**
82 FOREST GROVE ROAD
CORAOPOLIS, PA 15108

JAMES ESPOSITO
5852 STEUBENVILLE PIKE,
MCKEES ROCKS, PA 15136
(LOT & BLOCK 266-G-51)

HUNTLEY AND HUNTLEY
2660 MONROEVILLE, PA 15146

HERMAN EDWARDS
5852 STEUBENVILLE PIKE,
MCKEES ROCK, PA 15146

## DECLARATION OF TAKING

AND NOW, comes the Township of Robinson, the Condemnor in the above-entitled matter, by and through its counsel, John F. Cambest, Esquire, Samuel J. Dalfonso, Esquire, and the law firm of Dodaro, Matta & Cambest, P.C., and files this Declaration of Taking, in the manner and form as follows:

1.      The Condemnor is the Township of Robinson, a municipality of the Commonwealth of Pennsylvania having its main office at 1000 Church Hill Road, Pittsburgh, Pennsylvania 15205.

2.      The condemnation herein affected is specifically authorized by the Eminent Domain Code, 26 Pa.C.S.A. § 101 et. seq., the Municipal Authorities Act of 2001, as amended, 53

Pa.C.S.A. § 5601 et. seq., specifically § 5607(a)(5);(6), and §5607(d)(15), and the First Class Township Code, 53 P.S. § 56901.

3.    The condemnation having been made pursuant to the provisions of a Resolution of the Board of Commissioners of the Township of Robinson authorizing the institution of eminent domain proceedings, said resolution being adopted by the Board of Commissioners of the Township of Robinson at its meeting held on the 7th day of May, 2017. The original minutes of said meeting may be examined at the Township of Robinson office, 1000 Church Hill Road, Pittsburgh, Pennsylvania 15205, during regular business hours. A copy of the Resolution is attached hereto and incorporated herein as "Exhibit A."

4.    The purpose of this condemnation is to acquire the fee simple title to certain property now or formerly owned by the aforementioned property owner for the purpose of constructing a new public road and traffic signalization at the new intersection of Tidball Road and State Route 60, also known as Steubenville Pike.

5.    In this condemnation the Township of Robinson is condemning the following property which is located in Robinson Township, Allegheny county, Pennsylvania:

    a.    5852 Steubenville Pike, McKees Rocks, Pennsylvania 15136, Lot and Block 266-G-51.
More particularly described in "Exhibit B" attached hereto and incorporated herein.

    b.    A plan showing the condemned property can be examined at the offices of the Township.

6.    On the same day that this Declaration of Taking was filed, the legal description showing the properties to be condemned is being filed with the Department of Real Estate of Allegheny County in accordance with Section 304 of the Eminent Domain Code. Upon receipt of

the book and page number of the notice of filing from the Department of Real Estate, a memorandum stating the book and page number will be filed with the Prothonotary.

7.    Pursuant to the Constitution of the Commonwealth of Pennsylvania, Article I, Section 10, and the First Class Township Code, 53 P.S. § 56924, just compensation shall be made to the owner whose property has been subject to this condemnation based on the taxing power of the Township of Robinson, Allegheny County, Pennsylvania.

Respectfully submitted,

DODARO, MATTA & CAMBEST, P.C.

John F. Cambest, Esq.

TOWNSHIP OF ROBINSON
ALLEGHENY COUNTY, PENNSYLVANIA

RESOLUTION NO. 11 of 2018

A RESOLUTION OF THE BOARD OF COMMISSIONERS OF THE TOWNSHIP OF ROBINSON, ALLEGHENY COUNTY, COMMONWEALTH OF PENNSYLVANIA, AUTHORIZING THE CONDEMNATION OF A PORTION OF THE REAL ESTATE LOCATED AT 5852 STEUBENVILLE PIKE, MCKEES ROCKS, PENNSYLVANIA 15136, PARCEL 266-G-51, FOR THE PURPOSE OF ACQUIRING IN FEE SIMPLE TITLE TO THE AFORESAID PROPERTY FOR THE PURPOSE OF CONSTRUCTING A PUBLIC ROAD, PURSUANT TO ARTICLE XIX OF THE FIRST CLASS TOWNSHIP CODE.

WHEREAS, the Board of Commissioners of the Township of Robinson desire to construct a new public road and signalization of the intersection with Tidball Road and State Route 60, also known as Steubenville Pike, on a portion of the real estate located at 5852 Steubenville Pike, McKees Rocks, Pennsylvania 15136, Parcel 266-G-51 (hereinafter the "Property"), as more particularly described in "Exhibit A" attached hereto and incorporated herein.

WHEREAS, at the present time the above property is not owned by the Township of Robinson;

WHEREAS, the Board of Commissioners of the Township of Robinson and the property owners cannot agree on the terms of the value of the property to be condemened with the current owner; and

WHEREAS, the Board of Commissioners of the Township of Robinson desire to acquire the above-stated Property by condemnation pursuant to 53 P.S. § 56901 of the First Class Township Code.

NOW, THEREFORE, BE IT RESOLVED, by the Board of Commissioners of the Township of Robinson as follows:

EXHIBIT A

Section 1.     The foregoing recitals are incorporated into and made a part of this Resolution.

Section 2.     It is hereby resolved by the Board of Commissioners of the Township of Robinson that the above-stated Property shall be condemned for the purpose of obtaining title in fee simple so that a new public road and traffic signalization equipment may be constructed to signalize the new intersection of Tidball Road and State Route 60, also known as Steubenville Pike in the Township of Robinson, Allegheny County, Pennsylvania.

Section 3.     The Robinson Township Solicitor is hereby authorized to prepare and file all pleadings as required by the Eminent Domain Code to acquire title in fee simple to the above-stated Property.

Section 4.     The assessment of damages, if any, as a result of the taking shall be charged in accordance to 53 P.S. § 56924 of the First Class Township Code.

Section 5.     If any sentence, clause, section, or part of this Resolution is for any reason found to be unconstitutional, illegal, or invalid, such unconstitutionality, illegality, or invalidity shall not affect or impair any of the remaining provisions, sentences, clauses, sections or parts of this Resolution. It is hereby declared as the intent of the Board of Commissioners that this Resolution would have been adopted had such unconstitutional, illegal, or invalid sentence, clause, section, or part thereof not been included herein.

Section 6.     Any resolution or prior resolution in conflict with this is hereby repealed.

RESOLVED AND ENACTED into law this 7th day of May, 2018.

ATTEST:                                          TOWNSHIP OF ROBINSON

_____                         _____
Frank Piccolino                                 Samuel Abatta
Manager                                         Chairman

## EXHIBIT B

A portion of the real estate located at 5852 Steubenville Pike, McKees Rocks, Pennsylvania 15136, Parcel 266-G-51, described as follows:

BEGINNING at a point whose Northing is 415916.063 and whose Easting is 1303428.789; THENCE along a curve to the LEFT, having a radius of 1176.280 a delta angle of 01° 25' 55.64"; and whose long chord bears S 51-46-31.120 W a distance of 29.401; THENCE bearing N 19-58-31.464 W a distance of 12.612; THENCE along a curve to the LEFT, having a radius of 25.000 a delta angle of 43° 18' 56.10", and whose long chord bears N 73-44-30.148 E a distance of 18.453; THENCE bearing N 52-17-15.517 E a distance of 8.401; THENCE bearing S 37-30-31.062 a distance of 5.000 to the point of Beginning, containing more or less a total of 188.05 square feet.

## AFFIDAVIT

BEFORE ME, the undersigned personally appeared Samuel Abatta, who being duly sworn according to law, deposes and says that he is the Chairman of the Board of Commissioners of the Township of Robinson, and makes this Affidavit in its behalf, being familiar with the facts and having authority to do so, that all statements of the foregoing Declaration of Taking are true and correct to the best of his knowledge, information and belief.

_____
Samuel Abatta, Chairman
Township of Robinson

Sworn to and Subscribed

Before me, this  11  day of

May , 2018.

_____
Notary Public

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Carol A. Kordistos, Notary Public
Wilkinsburg Boro, Allegheny County
My Commission Expires Sept. 2, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DECLARATION OF TAKING was served upon the individuals listed below, on the _ll_ th day of MAY , 2018, via First Class Mail and Certified Mail, Return Receipt Requested:

James Esposito
5852 Steubenville Pike,
Mckees Rocks, Pa 15136

E & R Partners, L.P.,
82 Forest Grove Road
Coraopolis, Pa 15108

Huntley And Huntley
2660 Monroeville, Pa 15146

Herman Edwards
5852 Steubenville Pike,
Mckees Rock, Pa 15146

John F. Cambest, Esq.

Dodaro, Matta & Cambest, P.C.

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted By: Dodaro, Matta & Cambest, P.C.
Signature: _____
Name:        John F. Cambest, Esq.
Attorney No.: 20134

## <u>VERIFICATION</u>

I, James M. Esposito, have read the foregoing Complaint on behalf of myself and in my capacity as the President of Capital Builders, Inc. and E&R Partners, L.P., for whom I am authorized to make this verification. The statements within the Complaint are true and correct to the best of my personal knowledge, information and belief.

This statement and verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false averments, I may be subject to criminal penalties.

James M Esposito

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Complaint was served via

electronic mail and/or First Class, U.S. Mail, postage prepaid, on this 15th day of July, 2021 to

the following parties and counsel of record:

Francis D. Wymard, Esquire
William J. Ferren & Associates
P.O. Box 2903
Hartford, CT 06104-2903
fwymard@travelers.com
(Counsel for Defendants, Robinson Township, Richard Urbano and Joseph J. Schonbeck)


Michael A. Dunn
5117 West Harbison Road
Pittsburgh, PA  15205


BURNS WHITE LLC

By: _____
Douglas C. Hart, Esquire
Counsel for Plaintiffs, James M. Esposito and
Capital Builders, Inc., as the General Partner of
E&R Partners, L.P.

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Douglas C. Hart, Esquire

Signature: _____

Name: Douglas C. Hart, Esquire

Attorney No. (if applicable): 91663